# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM D. THURMAN** | : | **DOCKET NO. 2:06-cv-437** |
| **VS.** | : | **JUDGE MINALDI** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM ORDER

The parties are hereby notified that the undersigned is considering recommending a *sua sponte* summary judgment in favor of the defendants, dismissing plaintiff's Eighth Amendment claim that he has been denied constitutionally adequate medical care.   Fed.R.Civ.P. 56.

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement including adequate medical care.  A lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment only if the evidence shows that the prison officials were "deliberately indifferent to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan*, 114 S.Ct. 1970 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle*, 97 S.Ct. at 291; *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).  In order to establish "deliberate indifference" the plaintiff must shows that the defendant knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer,* 114 S.Ct. at 1979; *see also Wilson v. Seiter*, 111 S.Ct. 2321, 2323 (1991).

Plaintiff is reminded that he may not rest upon the mere allegations or denials contained in his pleadings, but instead must set forth, via competent summary judgment evidence, the specific facts showing that there is a genuine issue for trial.

Accordingly, it is

**ORDERED** that the plaintiff file a memorandum and/or competent summary judgment evidence as to his Eighth Amendment claim on or before April 20, 2007.  The defendants may file a response to the plaintiff's memorandum on or before May 4, 2007.  Thereafter the matter will be considered submitted for Report and Recommendation by the undersigned.

**IT IS FURTHER ORDERED** that the hearing set for March 27, 2007 be and it is hereby UPSET, reserving to plaintiff the right to re-urge the motion for a hearing following the Report and Recommendation.

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, March 9, 2007.


ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE